**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDAL ISAIAS BONILLA-MEJIA; DOMINIC SANTIAGO BONILLA-CHIRINOS; NANCY RAQUEL CHIRINOS-MEDINA, | No. 24-4553 |
| | Agency Nos. |
| | A220-452-165 |
| | A220-452-163 |
| Petitioners, | A220-452-164 |
| v. | |
| | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025**
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Petitioners, natives and citizens of Honduras, seek review of the Board of

Immigration Appeals' ("BIA") decision dismissing their appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's determination that Petitioners failed to establish persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481–83 (1992). The record reflects that MS-13 targeted lead petitioner Randal Isaias Bonilla-Mejia for extortion and financial gain, not because of an actual or imputed political opinion. Although Petitioners argue that Bonilla-Mejia's decision to change his bus route was an act of political defiance, the BIA reasonably found it was a non-political attempt at self-preservation. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) ("[M]ere unwillingness to cooperate with a potential persecutor" is not "necessarily expressive conduct constituting a political opinion.") (simplified).

Petitioners do not challenge the BIA's determination that their proposed particular social groups—"Honduran bus drivers" and "immediate family of Honduran bus drivers"—are not cognizable. Any such arguments are thus waived. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that an issue is waived if it is not "specifically and distinctly" argued in the opening brief) (citation omitted).

2. Substantial evidence also supports the BIA's denial of CAT protection. Petitioners did not meaningfully challenge the IJ's dispositive finding that they

failed to show a particularized, ongoing risk of torture. In any event, the record supports the BIA's conclusion that MS-13 has no continuing interest in Petitioners following Bonilla-Mejia's departure from Honduras and the sale of his business. The BIA further reasonably determined that generalized evidence of government corruption was insufficient to establish official acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. No. 24, is otherwise denied.

**PETITION FOR REVIEW DENIED.**